Howrin and another v. Clark.

---

NIMROD HOWRIN and another *v.* JOSEPH CLARK.

A judgment rendered in an action against the master and owners of a steamer, for damages on the ground of injury sustained by plaintiff through the fault of those in command of the steamer, is conclusive as to such fault in a subsequent action between the master and one of the owners, to recover from another his proportion of the damages, all of which had been paid by the former.

A judgment rendered against the master and other owners of a steamer for damages, for injury sustained in consequence of the fault of the master, having been paid by the latter and one of the owners, they sued the other owner to recover his proportion of the damages. Defendant denied his liability to pay any thing to the master, who had the exclusive control of the boat at the time of the injury; and prayed that, for any amount which he might be condemned to pay to the other plaintiff, he might have judgment in warranty against the master: *Held*, that defendant is not bound to reimburse to the master any portion of the damages occasioned by his own fault (C. C. 2972); and that, though defendant, if he pay any portion of the loss, may have recourse against the master, the lat-

ter cannot be cited in warranty, his liability not being a case of personal warranty within the meaning of art. 379 of the Code of Practice. *Per Curiam:* Until defendant pays a portion of the loss he has nothing to claim of his agent, and can have no judgment against him.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
*L. C. Duncan*, for the plaintiffs.

*Roselius*, for the appellant.

MORPHY, J.    The petitioners, who are *co-proprietors* with the defendant of the steamboat Hudson, seek to recover of the latter $1001 50, being his proportion of a judgment rendered against them, *in solido*, in favor of one Thomas Clark, as owner of the steamboat Semaphore, which had been run into and greatly damaged by the Hudson.    They allege that they have paid the whole amount of said judgment, and all the costs, and have since called upon the defendant to contribute and pay his part, which was one-fourth thereof, but that he refuses so to do.    The answer, after a general denial, avers, that the judgment referred to in the petition was obtained on the allegation and proof of negligence, want of skill and fault of Nimrod Howrin, in the navigation and management of the steamboat Hudson, of which the defendant and the plaintiffs were then joint owners, but which at the time when the cause of action which gave rise to said suit occurred, was under the command and exclusive control of the said Nimrod Howrin ; that defendant is not liable for any part of the loss sustained by reason and in consequence of said suit and judgment; that if he is responsible for any portion thereof to George Heaton, the other plaintiff, the said Nimrod Howrin is bound to warrant and defend him against such liability.    The answer further avers, that all transactions in relation to the joint ownership of said boat between the defendant and the plaintiffs, have been settled, and that the plaintiffs have given him a full and complete discharge and acquittance from all claims arising from the joint ownership of the boat.    The answer concludes by praying that the petition be dismissed with costs ; but that, in case the plaintiff, G. Heaton, should recover, there be judgment in favor of the defendant against Nimrod Howrin, for any sum the defendant may be decreed to pay to Heaton, &c.    The plaintiffs had a judgment below, from which the defendant has appealed.

The admissions on the trial show that, the · aintiffs had paid the amount of the judgment and the costs in the suit of *Thomas Clark* v. *Joseph Clark and others*, and that, at the time when the collision took place on account of which damages were re covered, Nimrod Howrin was captain of the boat, and the defendant was not on board. The record of that suit was given in evidence on the trial below, in support of the defence set up in the answer. All the evidence adduced in that case, and on which was based the verdict given against the owners of the Hudson, on the alleged ground of carelessness and neglect on the part of the persons in command of her, appears not to have been reduced to writing. Although fourteen witnesses were examined, the record exhibits only the testimony of four of them, taken under commissions. This evidence, however, establishes clearly that the collision between the Semaphore and the Hudson was owing entirely to the fault of the persons on board of the latter boat; that the Semaphore was coming down the river, while the Hudson was going up, and had left sufficient room for the Hudson to pass up between her and the levée; that the accident happened in consequence of the captain of the latter boat improperly changing her course from the levée across the river, and that but for this inconsiderate change in the course of the Hudson, the two boats would have passed each other at a distance of more than one hundred yards, &c. Independent of this evidence, it appears to us that the judgment itself which was rendered in that suit, must be considered conclusive in relation to the only ground on which it could be given against the owners of the Hudson, to wit, fault or gross neglect on the part of the persons in command of the boat. To that suit Nimrod Howrin was a party defendant, and he cannot in this case dispute a fact which was established contradictorily with him, as well as with his co-defendants. Although liable, *in solido*, with Howrin as to third persons, it is clear that the defendant is not bound to reimburse to him any portion of a loss which happened through his own fault and carelessness as captain of the boat, and for which he would have been answerable to the defendant had the latter paid any part of it, Civil Code, art. 2972. This defence does not apply to George Heaton, the other plaintiff. The petition, which avers that de-

· fendant's interest in the boat was one-fourth, does not set forth the proportions in which the other three-fourths were held. We will presume that each of the plaintiffs had an equal interest therein, and will allow to Heaton one-half of the sum claimed as having been paid by both. In relation to the judgment which we are requested to give in favor of the defendant on his call in warranty against. Howrin, we are of opinion that although the defendant may have a recourse to exercise against him, if he pays any portion of the loss, he has no right to call him in warranty in this suit. This does not present a case of simple or personal warranty, within the meaning of article 379 of the Code of ·Practice, which defines warranty to be " an obligation which one has contracted to pay the whole or a part of a debt, due by another to a third person." Until the defendant pays a portion of the loss, he has nothing to claim of his agent, and can have no judgment against him. 8 La. 37.

It is, therefore, ordered, that the judgment of the Commercial Court be reversed; .and it is further ordered that the plaintiff George Heaton, do recover from the defendant, Joseph Clark, five hundred dollars and seventy-five cents, with five per cent interest thereon from the 15th of February, 1840, until paid, with costs below, those of this appeal to be borne by the plaintiff and appellee, Nimrod Howrin.