## No. 8730.

### JACQUES LEVY VS. THE LOUISVILLE & NASHVILLE RAILROAD CO.

Plaintiff shipped four carloads of mules from St. Louis to New Orleans, on the Iron Mountain Railroad and its connecting lines, consigned to Marx Levy. Defendant received the mules, as common carrier, at Mobile. Being unable to forward over its own line, owing to interruption, defendant forwarded the mules *via* Meridian and Jackson, in its own name and consigned to itself, received the mules in New Orleans, made delivery to the original consignee, and collected the freight and charges as due to itself, and in all respects dealt with the consignee as if it had been the actual carrier. By such conduct defendant made the lines, over which the mules were transported *pro hac vice*, its own, and subjected itself to the responsibilities of an actual carrier for damages suffered by the mules *en route*. Although defendant, on paying, may have its recourse against the actual carriers, it seems not to be a case for call in warranty, within the meaning of Art. 379, C. P.; and, at all events, there is failure of proof fixing the fault on the particular carrier called in warranty.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Wm. F. & D. C. Mellen* and *Julius Aroni* for Plaintiff and Appellee:

1. The manner in which defendant received and detained at Mobile the property in question gave rise to an implied contract between plaintiff and defendant, that defendant would, as a common carrier, transport that property to New Orleans and there deliver it in good condition to plaintiff's consignee. Bank of Kentucky vs. Express Co., 93 U. S. 174.

2. The employment by defendant of the Mobile and Ohio Railroad Company, the Vicksburg and Meridian Railroad Company, and the Chicago, St. Louis and New Orleans Railroad Company, to carry the property by way of Meridian and Jackson, Mississippi, to New Orleans, and there deliver it to itself (defendant), as its own consignee, these lines of road looking to defendant only for compensation, and defendant paying them for the carriage of the property, created the relation of principal and agent between defendant and the carrying lines. Ib.

3. There was no privity of contract between plaintiff and those carrying lines; they had no claim on plaintiff for compensation, and plaintiff had no right of action against any of them for damage. As to them, defendant was the contracting party and the owner of the property.

4. Defendant received the property for transportation, kept it a week in its control and possession, paid the feed and stable bills meanwhile, employed the Mobile and Ohio, the Vicksburg and Meridian, and the Chicago, St. Louis and New Orleans roads, to carry the property from Mobile to New Orleans, consigned by itself to itself, instructed the last of the three lines (the Jackson) to hold it until orders from defendant were shown, and presented its bills in favor of itself alone, on its own bill heads, to plaintiff's consignee, in which it charged for transportation of the property, refused delivery until paid in currency, received the currency, gave the order on the Jackson road for delivery to plaintiff, paid the Jackson road for its services; and when plaintiff suggested that the property be brought from Mobile by one route, defendant replied that it knew its own business, and sent the property off by another route, without the consent or knowledge of plaintiff, it is estopped from its effort to make the three carrying lines agents of the plaintiff, and from denying that they were its own agents.

5. Even if, as claimed in defendant's brief, that it acted only as a forwarding agent of defendant, its liability was not thereby lessened or changed. For, "unless forbidden by its

Levy vs. Railroad Co.

charter, a railroad company may contract for a shipment over connecting lines, and having done so, is liable in all respects upon them as upon its own line." Railway Company vs. McCarthy, 96 U. S. Reps. 258.

6. The facts show that the actual carriers employed were not competent for the purposes of the employment, and were guilty of the most culpable and cruel negligence, and therefore such employment of such agencies does not absolve defendant from its liability in the premises.

7. The property was received and taken away by plaintiff only after protest. Payment of charges was made under protest. The cause of action had already arisen.

8. The only object of a notice to defendant of the injury would have been to enable the party responsible to prevent loss. In this case notice was given within a reasonable time; but no notice could have prevented the loss that did occur. Tardos vs. Chicago, St. Louis and New Orleans Railroad Company, O. B. 57, pp. 278 and 279.

*Bayne & Denègre* for Defendants and Appellants :

1. The defendant cannot be held liable to plaintiff in such a case as this, where there is no contract with said defendant, nor any actual carriage of the property.

2. The evidence shows that four cars were engaged in St. Louis from the St. Louis, Iron Mountain and Southern Railroad Company, and twenty or twenty-one mules were placed in each cat, destined to New Orleans; but there is no evidence of any contract for transportation by any particular lines of railroad; but it is shown that the mules were transported in the same cars over the St. Louis, Iron Mountain and Southern Railroad to Columbus, Kentucky, and from there over Mobile and Ohio Railroad to Mobile; then returned on this road to Meridian; on the Vicksburg and Southern to Jackson, Miss., and on the Chicago, St. Louis and New Orleans Railroad to New Orleans. The Louisville and Nashville Railroad never assumed the relation of carrier to plaintiff, and is not liable to him. The Company only acted as forwarding agent for plaintiff, and this agency resulted from plaintiff's request to have the mules forwarded, and from the law and necessity. Hutchinson on Carriers, Sec. 643, p. 376 ; Story on Agency, Sec. 118.

3. The defendant having selected a proper carrier, fully responsible, and in all respects competent for the service, has discharged any obligation upon them, and plaintiff's recourse, if any, is upon the actual carriers. Pratt vs. Railroad Company, 95 United States Reports, 43; Michigan Central R. R. vs. Myrick, Supreme Court of United States, January, 1883, Central Law Journal, vol. 16 ; Tardos vs. Chicago, St. Louis and New Orleans Railroad, *La. Supreme Court, not yet reported.*

4. When property is received and taken away by the consignee without objection, it is conclusive evidence of his being satisfied. He ought to refuse to receive the property till it has been examined, and inform the carrier. In this case he takes the property without objection, and gives no notice of sickness or injury to the mules for several days, and under such circumstances should not recover damages. Monro vs. Owners of Ship Baltic, 1 Martin Rep. 196.

5. If there is any liability for damages it must be on the part of the Chicago, St. Louis and New Orleans Railroad Company—the actual carrier. Under Section 4386 of Revised Statutes of the United States, this Company is chargeable with the time the mules may have been on connecting lines, and the failure to perform the statutory duty imposed is negligence. Thomson on Negligence, vol. 2, p. 1232, notes.

*L. E. Simonds* for the Chicago, St. Louis and New Orleans Railroad Co., called in Warranty.

---

The opinion of the Court was delivered by

Fenner, J. The plaintiff shipped four carloads of mules from St. Louis to New Orleans on the St. Louis, Iron Mountain & Southern

Railroad and its connecting lines. Over the first named road and the Mobile & Ohio road the mules were transported to Mobile, Ala., and there delivered to, and received by, the defendant, as the last connecting carrier. Owing to damage to its road by storm, defendant was unable to forward the mules over its own line. After several days detention in Mobile, defendant shipped the mules, in its own name and consigned to itself, to New Orleans, *via* Meridian and Jackson, Mississippi, over the Mobile & Ohio, the Vicksburg & Southern, and the Chicago, St. Louis & New Orleans Railroads.

On arrival at New Orleans, defendant notified the original consignee, Marx Levy; defendant collected the freight and charges from him; defendant delivered, or caused to be delivered, the mules to him. The consignee had no dealings with anybody but the defendant, which itself assumed to be exclusively charged with, and responsible for the mules.

The evidence satisfies us that the mules were received by defendant and left Mobile in good condition, and that, on the long trip of sixty-six hours to New Orleans, they were neither fed nor watered. Naturally, they reached this city in bad condition. They were then turned into a lot where they had access to unlimited water and, of course, drank excessively. Afterwards, they were delivered to plaintiff's consignee. A number of them died; others were ill and greatly damaged; and plaintiff suffered heavy loss, for which he brings the present action.

He is entitled to redress from somebody. From whom? Defendant undoubtedly received the mules, in Mobile, as a common carrier, for transportation to New Orleans, and thereby incurred the duties and responsibilities of carrier in relation thereto. What steps the impossibility of forwarding over its own line, owing to interruption, might have justified defendant in taking, as agent of consignor or consignee, it boots not here to discuss. In point of fact, defendant elected, in its own behalf and on its own responsibility, to change both the route and the consignment, to forward the mules in its own name, consigned to itself, to make delivery to and collect freight from the original consignee, and, in all respects, to deal with the latter as if it had itself been the actual carrier. Defendant must stand in the shoes which it has itself put on. *Quoad* the plaintiff its conduct made the lines over which the mules were transferred, *pro hac vice*, its own, and subjects it to all the responsibilities of an actual carrier.

Indeed, we are at a loss to discover any *vinculum juris* connecting plaintiff directly with the actual carriers between this city and Mobile, in absence of any contract between him and them, and, in fact, of any

78

dealing whatever between them. Defendant alone dealt with them and is entitled to hold them responsible for their faults.

We consider the amount of damage fixed by the lower Judge fully sustained by the evidence, and find no force in the defense of insufficiency of notice by the consignee of the condition of the stock after receipt.

The defendant called the Chicago, St. Louis & New Orleans R. R. Co. in warranty. In absence of all privity between plaintiff and the party so called in warranty, *semble* that it is not a proper case for such a call, under the provisions of C. P. 379; 8 La. 37; 8 Rob. 27; 8 An. 136.

We agree with the District Judge, that while defendant has an undoubted claim upon the carriers between this city and Mobile, it has failed to fix the responsibility upon the particular one called in warranty with sufficient clearness to authorize judgment.

Judgment affirmed.